UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.   CASE NO: 8:11-CR-318-T-27AEP

KEVIN L. WHITE
_____/

## ORDER

**BEFORE THE COURT** is Defendant White's Motion and Memorandum for Relief Pending Appeal (Dkt. 185) and the Government's response in opposition (Dkt. 189). Upon consideration, Defendant's motion is DENIED.

By statute, one who, like White, has been convicted and appeals the conviction, shall be detained "unless the judicial officer finds-by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

The Government does not contend that White is a flight risk or a danger to the community (Dkt. 189, pp. 3-4). Rather, the Government contends that the issue White intends to pursue on appeal does not present a substantial question of law or fact, and "the purpose of the appeal is merely to delay his inevitable incarceration." *Id.* at p. 4. Further, the Government contends that White "has

not shown a likelihood that he will obtain reversal of all counts of conviction on which imprisonment has been imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* at p. 5.

Defendant's convictions are presumed to be correct and he has the burden of overcoming that presumption by establishing that a substantial question of law exists likely to result in a reversal of his convictions. *See United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985). As this Circuit has stated, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* at 901. Stated another way, this Court "must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). The determination is made on a "case-by-case basis." *United States v. Giancola*, 754 F.2d at 901.

In denying Defendant's Motion for Post Trial Judgment of Acquittal; Motion For New Trial (Dkt. 162), this Court rejected the issue Defendant intends to have reviewed on appeal. Relying on Supreme Court and Fifth Circuit authority,[1] this Court held that there is no requirement of a direct connection between the federal funds received by Hillsborough County and the bribes White received and that there was a sufficient nexus between the business of Hillsborough County and White's criminal conduct:

---

[1] *Salinas v. United States*, 522 U.S. 52, 57 (1997); *Sabri v. United States*, 541 U.S. 600, 604-08 (2004); *United States v. Harris*, 296 Fed. Appx. 402 (5th Cir. 2008); *United States v. Phillips*, 219 F.3d 404, 411 (5th Cir. 2000); *see also United States v. Moeller*, 987 F.2d 1134, 1137 (5th Cir. 1993).

2

> In summary, the evidence established that (1) Defendant was an agent of Hillsborough County, (2) Hillsborough County was a local government which received in excess of $10,000 each year in federal funds, (3) Defendant corruptly solicited and accepted money to facilitate the PTC's certification of Tri County, (4) the Hillsborough County Sheriff's Office, as an agency of Hillsborough County, relies on the PTC's certification process before placing a towing company on its rotational list, and (5) Defendant attempted to influence the Hillsborough County Sheriffs Office in its decision to place Tri County on the rotational list.
>
> . . .
>
> To sustain a conviction under §666(a)(1), the evidence must establish "some nexus between the criminal conduct and the agency receiving federal assistance." *United States v. Phillips,* 219 F.3d at 413-14 (" ... '[a]lthough the conduct prohibited by section 666 need not actually affect the federal funds received by the agency, there must be some nexus between the criminal conduct and the agency receiving federal assistance.'") (quoting *Moeller,* 987 F.2d at 1137). However, considering the broad intent of the statute, "[a]ll that is required is "some nexus between the criminal conduct and the agency receiving federal assistance . .. *The particular program involved in the theft or bribery scheme need not be the recipient of federal funds."* *Moeller,* 987 F.2d at 1137 (emphasis added).
>
> . . .
>
> Notwithstanding that the PTC did not receive federal funding directly, it was the business of Hillsborough County to insure that only those towing companies certified by the PTC would be eligible to be placed on the Sheriff's Office's rotational list to provide towing services in Hillsborough County. The County's interest in the PTC certification process provides the requisite nexus to the federal funds received by the County. The value of the PTC's certification, a prerequisite to being placed on the Sheriffs rotational list, is therefore connected, albeit indirectly, to the integrity of the federal funds received by Hillsborough County, which it in turn distributes to its agency, the Hillsborough County Sheriffs Office. A sufficient federal nexus therefore exists in the evidence.

(Dkt. 169.)

The determination of whether the issue on appeal presents a "substantial" question is not whether this Court finds that its ruling is likely to be reversed. *United States v. Giancola,* 754 F.2d at 900. And this Court is not called upon to predict the ultimate outcome of White's appeal or the probability of reversal. *United States v. Miller,* 753 F.2d at 23. Rather, the question is whether White

3

presents an issue which is "close," that is, one "that very well could be decided the other way." *United States v. Giancola*, 754 F.2d at 901.

Certainly, the issue Defendant raises is integral to the merits of his convictions on all but Count Ten. That is not to say, however, that the issue is a novel one, one which has not been decided by controlling precedent, or one which is fairly doubtful, considering the authorities relied on by this Court from the United States Supreme Court and Fifth Circuit. Moreover, considering the broad reach of § 666(a)(1) and the facts of this case, the issue is simply not a "close" one "that very well could be decided the other way." *United States v. Giancola*, 754 F.2d at 901. White's dual role as a Hillsborough County Commissioner and PTC Chairman, and the relationship between Hillsborough County, the Hillsborough County Sheriff's Office and the PTC convincingly demonstrate a sufficient nexus between the bribes White received and the business of Hillsborough County.[2]

Upon consideration, Defendant is not entitled to release on bond pending appeal because he has not presented a substantial question of law that is likely to result in success on appeal.

**DONE AND ORDERED** in this 6th day of April, 2012

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] Moreover, a successful appellate challenge to the sufficiency of the nexus between the bribes and the federal funds received by Hillsborough County would only result in a reversal of Defendant's convictions on Counts One, Four, Five, Six, Eight, and Nine. Defendant's conviction on Count 10 for making a false statement to the F.B.I. is not likely to be reversed. While a sentence on Count Ten alone would be appreciably less than White's current sentence, he has not carried his burden of showing a likelihood that he will obtain reversal of all counts of conviction on which imprisonment has been imposed and that a new sentence would not include a term of imprisonment.